UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

HUMBERTO SANCHEZ-RENGIFO, )
)
                Petitioner, )
)
     vs. ) Case No. 2:14-cv-00064-WTL-WGH
)
J. F. CARAWAY Warden, )
)
                Respondent. )

**Entry and Order Dismissing Action**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). As explained here, that is the nature of the habeas petition of Humberto Sanchez-Rengifo, a federal inmate confined in this District because of his conviction in the Superior Court for the District of Columbia. Sanchez-Rengifo's petition for a writ of habeas corpus will therefore be denied.

**Background**

According to the petition, Sanchez-Rengifo is confined in this District. He was convicted by the Superior Court for the District of Columbia "of the following offenses: (1) first-degree burglary while armed (D.C.Code §§ 22-1801(a),-3202 (1981)); (2) threats to injure a person (D.C.Code § 22-2307 (1981)); (3) second-degree child sexual abuse while armed (D.C.Code §§ 22-4109,-4120(a)(6), -3202 (1981)); and (4) three counts of first-degree child sexual abuse while armed (D.C.Code §§ 22-4108,-3202 (1981))." *Sanchez-Rengifo v. U.S.*, 815 A.2d 351, 352-353 (D.C. 2002). His conviction was affirmed on appeal. *Id.*

The present action followed, and is brought pursuant to 28 U.S.C. § 2241. According to Sanchez-Rengifo's § 2241 petition, he previously filed an action for relief pursuant to 28 U.S.C.

§ 2255. See dkt. 1 at p. 2. Based on this statement, Sanchez-Rengifo was directed to supplement his petition with the following information: 1) the case number of § 2255 proceeding; 2) where the § 2255 motion was filed and the relevant dates; 3) the issues raised and results; and 4) an explanation of why the remedy under § 2255 was or is inadequate or ineffective. See dkt. 5. No response was forthcoming.

## Discussion

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.

*House v. Bell,* 547 U.S. 518, 537-38 (2006). Here, Sanchez-Rengifo has not shown that he is "innocent" of any of the several offenses of which he was found guilty.

As narrated above, Sanchez-Rengifo previously filed a motion for relief pursuant to § 2255. His claims of actual innocence were or could have been presented in his § 2255 action. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Sanchez-Rengifo had that opportunity.

**Conclusion**

The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). Sanchez-Rengifo has not met that burden even after he was invited to do so. Instead, he has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied** because the petition shows on its face that Sanchez-Rengifo is not entitled to the relief he seeks.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/28/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

HUMBERTO SANCHEZ-RENGIFO
09426007
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808